**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| OAIC Commercial Assets, LLC, | ) | No. CIV 04-1951-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Stonegate Village, L.P., | ) | |
| Defendant. | ) | |

This case comes before the Court on Plaintiff's Petition for Declaratory Judgment (Doc. 30-31). Defendant has moved to strike Plaintiff's Petition for Declaratory Judgment. (Doc. 32). At a previous hearing, the Court ordered Defendant to file a response addressing the merits of Plaintiff's Petition for Declaratory Judgment and Plaintiff to file a reply. (see Doc. 34). This briefing has been filed (Doc. 36 & 39) and the Court now enters this Order on Plaintiff's Petition for Declaratory Judgment.

Plaintiff OAIC Commercial Assets L.L.C., a Florida limited liability company, filed the complaint in this case seeking to establish a constructive trust on undeveloped real property located in Chandler, Arizona. This real property is referred to as the "Out Parcel" in Plaintiff's Petition for Declaratory Judgment. According to the Plaintiff's complaint, the subject real property is an asset of Defendant Stonegate Village, L.P., a Georgia limited partnership with its principal place of business in Texas. Plaintiff is an assignee and the

successor-in-interest to AFC Equities, L.P. ("AFC"), a limited partner in the Stonegate Georgia Partnership. Plaintiff contends that it has an ownership interest in the real property based on its status as an assignee and/or limited partner of Defendant. Defendant's general partner is CAWC Financial, Inc., a Texas corporation with its principal place of business in Dallas, Texas.

Plaintiff's present complaint alleges violation of the Stonegate Georgia Partnership Agreement, unauthorized loans, and diversion of funds, etc. Plaintiff seeks entry of judgment against Defendant that preserves the real property as the remaining partnership asset for the benefit of Plaintiff and creditors. Plaintiff further seeks imposition of a constructive trust on the real property or preservation of the sales proceeds if the property is sold.[1] The Court's jurisdiction has been invoked based on diversity of citizenship, 28 U.S.C. § 1332.

During the pendency of the instant action in this Court, two state court actions were ongoing in Texas involving these parties or entities and concerning their Partnership Agreement. In its Petition for Declaratory Judgment, Plaintiff contends that as a result of a Judgment rendered on July 25, 2005 in one of the Texas state court actions, <u>OAIC Commercial Assets, L.L.C. v. Stonegate Village L.P., CAWC Financial, Inc. and Larry B. White</u>, Cause No. 01-3277, 116th Judicial District, Dallas County, Texas, Plaintiff has been determined to be qualified to serve as the Liquidator for the Stonegate Georgia partnership and CAWC has been determined to be a defaulting partner in Stonegate Georgia as of June 1999. Also according to Plaintiff, it further has been determined in the Texas state court action that Stonegate Georgia and CAWC had "improperly secured" the Out Parcel with two liens totaling $200,000.00 and that such conduct constituted a breach of contract, that is, a breach of the Stonegate Partnership Agreement. In its Petition for Declaratory Judgment,

---

[1] Plaintiff recently filed a motion to file an amended complaint. (Doc. 43). Plaintiff's proposed amended complaint includes a claim that certain liens should be declared invalid. Plaintiff states in its motion to file an amended complaint that its Petition for Declaratory Judgment remains pending.

Plaintiff seeks to have this Court give "full faith and credit" to the Judgment entered in the Texas state court action and declare that the two liens against the Out Parcel are invalid.

The Court has reviewed the Final Judgment entered in the cited Texas state court case which Plaintiff has attached as Exhibit 2 to its Petition. The Final Judgment was entered following trial and includes in relevant part the following conclusions of law:

> \*\*\*
> 2. The Court also finds that, pursuant to Plaintiff's trial amendment, Plaintiff recovers the sum of $200,000.00 for breach of contract against Stonegate Village, L.P. and CAWC Financial, Inc. for the two unapproved loans made to the Stonegate Village, L.P. after April 24, 2001 and improperly secured by that certain 3.417 acre tract in Mariposa [sic] County, Arizona located contiguous to the Stonegate Village Apartments (the "Out Parcel"), with post-judgment interest thereon at 6%, compounded annually.
>
> 3. The Court declares that Plaintiff was a limited partner in Stonegate Village, L.P. as of March 22, 2001.
>
> 4. The Court finds and hereby ORDERS that Plaintiff is appointed liquidator of Stonegate Village, L.P. to collect, dispose of and account for the assets and cash of Stonegate Village, L.P. from its inception and to market and sell the Out Parcel.
> \*\*\*

(Doc. 30-31, Exhibit 2).

Defendant has moved to strike Plaintiff's Petition for Declaratory Judgment because it was filed as a "motion" in the present case rather than as a separate declaratory judgment action under 28 U.S.C. §§ 2201 and 2202 or as a claim for relief asserted in an amended complaint. In support of its motion to strike, Defendant has cited <u>International Brotherhood of Teamsters v. Eastern Conference of Teamsters</u>, 160 F.R.D. 452, 456 (S.D.N.Y. 1995), wherein the district court held that Fed.R.Civ.P. 57 "contemplates that an action for a declaratory judgment is a civil action subject to the Federal Rules." Rule 57 provides in relevant part that "[t]he procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C. § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39." The district court further held that "a party may not make a *motion* for declaratory relief, but

1  rather, the party must bring an *action* for a declaratory judgment." In the Teamsters case, the
2  district court denied plaintiff's motion for declaratory judgment as inconsistent with the
3  Federal Rules of Civil Procedure. Id., at 456. Defendant also cites Barmat, Inc. v. United
4  States, 159 F.R.D. 578 (N.D.Ga.1994), in which the district court observed that "[g]enerally,
5  declaratory judgments are sought by petition or complaint, rather than by motion, by parties
6  to a controversy." Id., at 582 (citing Mission Insurance Co. v. Puritan Fashions, Corp., 706
7  F.2d 599, 602 (11th Cir. 1983)).

8  Plaintiff relies on 12 Moore's Federal Practice § 57.60 (3d ed.) as support for the
9  propriety of its "petition" for declaratory judgment filed in the instant on-going action. Based
10 on this authority, Plaintiff contends that its petition is sufficient as it sets forth the relief
11 sought and alleges facts demonstrating standing and the existence of an actual controversy.
12 Plaintiff further argues that efficient judicial administration counsels against the filing of
13 another complaint involving these same parties.

14 In Fusco v. Rome Cable Corp., 859 F. Supp. 624 (N.D.N.Y. 1994), which this Court
15 has reviewed in its research, the district court in the Northern District of New York held that
16 a motion for declaratory judgment was "procedurally flawed." The district court discussed
17 the issue as follows:

18
19
20
21
> On its face, ..., Rule 57 does not provide a basis for making a motion; it just acknowledges the availability of declaratory judgment as a remedy. [footnote reference omitted]. Nor does section 2201 provide an independent basis for making a motion; it simply creates the remedy of declaratory relief. [citation omitted].

22
23
24
25
26
27
Id., at 628. The district court in Fusco determined that it was appropriate to construe the motion for dismissal under the Declaratory Judgment Act as a motion for summary judgment under Fed.R.Civ.P. 56. Id., at 628. In Bonner v. Circuit Court of the City of St, Louis, 526 F.2d 1331 (8th Cir. 1975), the Eighth Circuit observed that "[a]lthough declaratory judgments are a statutory rather than a traditional equitable remedy, the Supreme Court has characterized the declaratory judgment as 'essentially an equitable cause of action.'" Id., at

28

1337 (citing <u>Great Lakes Dredge & Dock Co. v. Huffman</u>, 319 U.S. 293, 300 (1943)).

Title 28, United States Code, § 2201(a) provides in relevant part as follows:

> In a case or controversy within its jurisdiction, ... , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

As discussed above, under Rule 57, the procedure for obtaining a declaratory judgment "shall be in accordance with" the Federal Rules of Civil Procedure. Pursuant to Fed.R.Civ.P. 7(a), the *pleadings* allowed include a complaint and a third-party complaint. It thus appears that a request for declaratory relief may not be made by "motion."

It does not appear that Plaintiff's "motion" for declaratory judgment is appropriate based on the present complaint. Plaintiff is seeking to have this Court enter declaratory judgment that the Texas state court judgment is entitled to full faith and credit and therefore the two liens that resulted in Plaintiff's recovery of $200,000.00 in the Texas state court action are invalid. Plaintiff contends that "[t]he facts and law of the case in Texas #1, establish conclusively that CAWC lacked the authority and power to encumber the Out Parcel and the liens are therefore invalid." (Petition at p. 5). Plaintiff further emphasizes that pursuant to the Texas state court judgment, it is authorized to liquidate the Stonegate Partnership and has been charged with collecting all debts of the Partnership, selling its assets, including the Out Parcel, and then holding its assets for distribution to creditors and partners. Plaintiff contends that it cannot accomplish its responsibilities with the alleged improper liens of record as to the Out Parcel.

In this case, however, Plaintiff's present complaint seeks imposition of a constructive trust on real property either in recognition of the Texas litigation or "until such time as OAIC's claims against Stonegate Georgia Partnership are resolved in the Texas proceedings." Plaintiff further seeks an Order sequestering the proceeds of any sale in the event the property is sold. In light of Plaintiff's present complaint, a "motion" for declaratory judgment does not appear to be appropriate.

- 5 -

1 **Accordingly,**

2 **IT IS ORDERED** that Defendant's motion to strike Plaintiff's Petition for Declaratory
3 Judgment (Doc. 32) is denied.

4 **IT IS FURTHER ORDERED** that Plaintiff's Petition for Declaratory Judgment
5 (Doc. 30-31) is denied.

6 DATED this 20th day of September, 2006.

_____
Mary H. Murguia
United States District Judge