**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OAIC Commercial Assets, LLC, | No. CIV 04-1951-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Stonegate Village, L.P., | |
| Defendants. | |

Plaintiff has filed a motion to amend the complaint to add party defendants and claims (Doc. 43 - 47). In its motion to amend, Plaintiff seeks to add as party Defendants Stoneoaks, L.L.C. ("Stoneoaks"), a Nevada Limited Liability Company, and Unity Waterford Fair Oaks, Ltd. ("Unity"), a Texas Limited Partnership. Plaintiff also seeks to add new claims which include the following: (1) invalidation of certain liens relevant to the undeveloped real property located in Chandler, Arizona, referred to as the "Out Parcel"; (2) conspiracy to commit fraud and civil fraud; (3) intentional omissions and/or misrepresentations; and (4) for statutory rights and remedies as to proposed defendant Unity. As required by this Court's Local Rules, Plaintiff has attached its proposed amended complaint as Exhibit E to its motion to file an amended complaint. LRCiv 15.1. Plaintiff has further complied with Local Rule 15.1 by filing a redlined version of the original complaint with the proposed changes

1  highlight. Defendant has not filed a response in opposition to Plaintiff's motion to file an
2  amended complaint.

3  Rule 21, Fed.R.Civ.P., provides in relevant part that parties may be dropped or added
4  "by order of the court on motion of any party . . . at any stage of the action and on such terms
5  as are just." Courts generally have applied the same equitable considerations in determining
6  joinder or amendment. Heslop v. UCB, Inc., 175 F. Supp. 2d 1310, 1316-17 (D.Kan. 2001).

7  Once a Scheduling Order under Rule 16(b) has been entered, the more restrictive
8  provisions of that subsection apply and require a showing of "good cause" for failing to
9  amend prior to the deadline set in that order. See Coleman v. Quaker Oats, 232 F.3d 1271,
10 1294-95 (9th Cir. 2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.
11 1992). The relevant inquiry under Rule 16(b) is the diligence of the party seeking the
12 amendment. As explained in Johnson, "Rule 16(b)'s 'good cause' standard primarily
13 considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Any
14 prejudice to the opposing party can be an additional reason to deny a motion to amend, but
15 it is not the main focus of the Court's inquiry. Id. The inquiry ends if the moving party was
16 not diligent. Id. Even assuming that Plaintiff unreasonably delayed seeking to file an
17 amended complaint, "'[u]ndue delay by itself . . . is insufficient to justify denying a motion
18 to amend.'" Owens, 244 F.3d at 712-13 (quoting Bowles v. Reade, 198 F.3d 752, 758 (9th
19 Cir. 1999)).

20 The Scheduling Order, Fed.R.Civ.P. 16, entered in this case on June 28, 2005, set a
21 deadline of September 6, 2005 for filing motions to amend or to join additional parties.
22 Plaintiff's present motion to file an amended complaint was filed on August 4, 2006, a date
23 well beyond the deadline set in the Rule 16 Order.

24 As stated above, Plaintiff provides good cause for its request to amend its complaint.
25 As grounds in support of the motion to amend, Plaintiff claims that Stoneoaks holds liens
26 against the property at issue in this lawsuit and, therefore, is a necessary party. Likewise,
27 Plaintiff argues that adding Unity is appropriate because of its "improper and unlawful lien
28

- 2 -

1 activity" on the property at issue in this lawsuit. Thus, Plaintiff argues that granting its
2 motion to file an amended complaint will enable disposition of all issues between the parties
3 in one lawsuit. Moreover, Defendant has not filed a response opposing Plaintiff's motion to
4 amend.

5 Under the circumstances presented, Plaintiff has shown good cause for adding claims
6 and parties. Further, the Court find that Plaintiff has made a sufficient showing that it has
7 acted with the requisite diligence. Moreover, Defendant has not filed a response opposing
8 Plaintiff's motion to file an amended complaint. The Court therefore grants Plaintiff's motion
9 to file an amended complaint (Doc. 43 - 47). Plaintiff in all other respects shall comply with
10 LRCiv 15.1(a-c) and shall file with the Court its amended complaint within five (5) days of
11 the filing date of this Order.

12 **Accordingly**,

13 **IT IS ORDERED** that Plaintiff's motion to file an amended complaint (Doc. 43 - 47)
14 is granted.

15 **IT IS FURTHER ORDERED** that Plaintiff shall file its proposed amended
16 complaint within five (5) days of the filing date of this Order.

17 DATED this 18th day of October, 2006.

_____
Mary H. Murguia
United States District Judge