**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OAIC Cml. Assets, LLC, | No. CV 04-1951-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Stonegate Village, LP, et al., | |
| Defendants. | |

On March 4, 2008, this Court issued an Order staying the instant case until the Parties' parallel litigation in Texas was resolved. (Dkt. #109). The Supreme Court of Texas, the state's court of last resort, having denied Plaintiff's petition for review and subsequent motion for rehearing, (Dkts. #127, 128), this Court now considers and rules on Defendants' Motion to Dismiss for Lack of Jurisdiction Pursuant to Rule 12(b)(1), (Dkt. #127).

## I. BACKGROUND

This case involves a multi-million dollar investment the terms of which Plaintiff alleges Defendants failed to honor. (Dkt. #128). Stonegate, a Georgia limited partnership formed in 1998, owns and operates an apartment complex and undeveloped real property in Chandler, Arizona. (Id.). AFC Equities, one of the original limited partners of Stonegate, made a cash investment of $3.3 million in consideration for a preferred return on its capital and excess cash from the refinancing of a construction loan. (Id.). On January 18, 2000,

AFC attempted to sell and transfer its interest in Stonegate to OAIC, a Florida limited liability company. (Id.).

To effect the transfer, AFC filed a certificate of termination with the Georgia Secretary of State in November 2000 and sent a letter to Stonegate on March 22, 2001. OAIC v. Stonegate ("OAIC I"), 234 S.W.3d 726, 732–33 (Tex. App. Dallas, Aug. 16, 2007). The letter claimed it met the requirements outlined in section 9.3(d)(ii) of the original partnership agreement. Id. at 733. The section provides, in pertinent part, "the transferor shall provide an opinion of counsel satisfactory to the Partnership." Id. The agreement also entitled AFC's assignee to be paid "a preferred return prior to any distributions being made to the other partners." Id. at 734. In 2001, according to OAIC, Stonegate began paying off unauthorized loans with excess cash when the cash should have been paid to OAIC as AFC's assignee. Id. at 733–34. For allegedly failing to make good on AFC's initial investment, Plaintiff OAIC filed suit in both Texas and Arizona courts. Id. at 734. Defendants Stonegate, et al., argue that OAIC never owned any interest in Stonegate because AFC failed to abide by the terms of 9.3(d), namely AFC failed to provide an opinion of counsel *satisfactory* to the partnership, in violation of the terms of the agreement. Id.

The case came before this Court on September 17, 2004 by way of removal from the Maricopa County Superior Court. (Dkt. #1). Plaintiff presented to this Court the following claims and requests for remedies: a constructive trust on Stonegate's property; the cancellation of liens wrongly placed on that property; fraud and conspiracy to commit fraud; misrepresentation; and statutory liability under A.R.S. §§ 33-707(a) and 33-420(a). (Dkts. #127, 128).

Meanwhile, as the litigation in this Court was pending, the action in the Texas trial court system was underway. There, Plaintiff alleged a breach of contract, breach of fiduciary duty, and conspiracy to breach fiduciary duty. (Dkt. #128, Ex. 5). On November 7, 2005, the Texas trial court rendered judgment in favor of Plaintiff and awarded more than $2 million in damages for breach of contract; no breach of fiduciary duty or conspiracy to

breach fiduciary duty were found. (Id.). Defendants appealed the verdict to the Texas Court of Appeals. (Id.).

On August 16, 2007, the Texas Court of Appeals vacated the trial court's judgment and dismissed the case on the grounds that Plaintiff lacks standing to bring an action against Defendants. OAIC I, 234 S.W.3d at 731. That court outlined the doctrine of standing, which requires that there be a real controversy between the parties that a judicial declaration will resolve. Id. The Texas Court of Appeals further found "no evidence in the record to support OAIC's claim and the trial court's judgment that, pursuant to the agreement, OAIC is . . . a limited partner, an unadmitted assignee, and/or the purchaser of an interest in Stonegate." Id. at 731, 736 (internal quotations omitted).

The Texas Court of Appeals concluded that, as an issue pivotal to the entire suit, standing was dispositive of all other claims, including Plaintiff's breach of contract, breach of fiduciary duty, and conspiracy to breach fiduciary duty claims. Id. at 731, 746. For this reason, the Texas Court of Appeals found it unnecessary to address those claims. Id. at 731, n.2.

Plaintiff subsequently filed a motion for rehearing with the Texas Court of Appeals, which was denied, OAIC v. Stonegate ("OAIC II"), 234 S.W.3d 726 (Tex. App. Dallas, Oct. 17, 2007), and a petition for review with the Texas Supreme Court; that, too, was denied. OAIC v. Stonegate, 2008 Tex. LEXIS 249 (Tex. 2008). Plaintiff then filed a motion for rehearing with the Texas Supreme Court. (Dkt. #109). Pending the Texas Supreme Court's ruling on that motion, this Court issued an Order staying the case. (Dkt. #109). Finally, on October 10, 2008, the Texas Supreme Court denied the motion, OAIC v. Stonegate ("OAIC III"), 2008 Tex. LEXIS 956 (Tex. 2008), thereby ending the litigation in Texas.

On November 28, 2008, Defendants filed with this Court a Motion to Dismiss for Lack of Jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt.

#127).[1]  In support of the motion, Defendants cite the principles of claim preclusion and issue preclusion.  (Id.).  Plaintiff counters that claim preclusion does not apply "because the Texas court's dismissal for lack of subject matter jurisdiction is, by definition, not a judgment on the merits."  (Dkt. #128).  Plaintiff also argues that issue preclusion does not apply because Plaintiff "would only litigate issues that the Texas Court of Appeals explicitly declined to consider or decide."  (Id.).

## II.    RES JUDICATA

The doctrine of res judicata, which subsumes the principles of claim and issue preclusion, concerns the effect of prior judgments on parties in later litigation.[2]  The purpose of res judicata is to "preclude parties from contesting matters that they have had a full and fair opportunity to litigate."  Montana v. United States, 440 U.S. 147, 153 (1979).  It protects the parties from "the expense and vexation attending multiple law suits, conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."  Id. at 153–54.

The Full Faith and Credit Clause of Article IV of the U.S. Constitution requires all states to respect the final judgments of other states.  Congress created an identical obligation in federal courts when it enacted 28 U.S.C. § 1738.  Davis v. Davis, 305 U.S. 32, 40 (1939).  As a consequence, federal district courts must give preclusive effect to the judgments of state courts "whenever the courts of the State from which the judgments emerged would do so."

---

[1]Plaintiff's motion includes a request for attorney's fees.  This Court will not entertain such requests until properly submitted in accordance with Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.2.

[2]Res judicata is sometimes used to describe the preclusive effect of a judgment generally; at other times it refers to the principle of claim preclusion.  This ambiguity can create problems.  Indeed, some of the Parties' disagreement over case law results from a conflated use of the two definitions.  To avoid this confusing lexicon, the U.S. Supreme Court has clarified its preference for the terms "claim preclusion" and "issue preclusion," which are collectively referred to as "res judicata."  Taylor v. Sturgell, 128 S. Ct. 2161, 2171 (2008).  This Court will adopt the Supreme Court's terminology.

- 4 -

Allen v. McCurry, 449 U.S. 90, 96 (1980). Therefore, for purposes of the instant motion, this Court must apply the Texas law of claim and issue preclusion.

Under Texas law, claim preclusion "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). Issue preclusion, on the other hand, "prevents relitigation of particular *issues* already resolved in a prior suit." Id. (emphasis added). Issue preclusion is thus narrower in scope than claim preclusion. Defendants urge this Court to dismiss the case on both grounds.

### A.    Claim Preclusion

Defendants argue that claim preclusion compels this Court to respect the decision of the Texas courts and dismiss the case for lack of subject-matter jurisdiction. (Dkt. #127). Claim preclusion requires proof of the following elements: (1) a final judgment on the merits by a court of competent jurisdiction; (2) identity of parties, or those in privity with them; and (3) a second action based on the same claims that were raised, or could have been raised, in the first action. Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996).

There appears to be no dispute that the Texas case is final and was decided by a court of competent jurisdiction. Plaintiff does, however, reject Defendant's assertion that the judgment was on the merits. (Dkt. #128). Defendants argue that the judgment was on the merits because "the facts and issues were developed in the Texas trial court and reviewed on appeal by the [Texas] Court of Appeals." (Dkt. #127).

The Parties appear to be referring to different decisions. It is clear that Plaintiff's argument refers to the Texas appellate court's decision. Defendants, on the other hand, conflate the judgment on the merits—the decision of the Texas trial court—with the finality of the Texas appellate court's decision. In order to correctly apply the elements of claim preclusion, an answer must first be given to the question of whether the Texas appellate court's reversal alters the finality of the Texas trial court's decision.

It does. When an appellate court reverses a trial court's decision, the finality necessary for claim preclusion is nullified. J.J. Gregory Gourmet Servs. v. Antone's Import Co., 927 S.W.2d 31, 34 (Tex. App. Houston, 1995). At the same time, however, a judgment on appeal, provided it is not reversed, is considered final for purposes of claim preclusion. Id. Since the decision of the Texas Court of Appeals was reviewed—and not reversed—by the Texas Supreme Court, the Texas Court of Appeals' decision is final, though the Texas trial court's decision is not. The relevant decision for purposes of claim preclusion, therefore, is not the decision of the Texas trial court but the decision of the Texas Court of Appeals.

The Texas Court of Appeals dismissed the case because it found Plaintiff lacks standing. OAIC I 234 S.W.3d at 731. That court found that Plaintiff is not a limited partner in Stonegate or an assignee of any kind. Id. That determination strikes this Court as closer to a decision on the merits than a dismissal on procedural grounds. Indeed, the Texas Court of Appeals issued an opinion spanning more than fifteen pages. The opinion provided a thorough review of the facts on record, including a discussion of the terms of the original partnership agreement and the Parties' claims. Id. at 732–34.

The Texas courts are nonetheless clear that standing, as a component of subject matter jurisdiction, is a procedural issue. Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996); Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993). In fact, the Texas courts have held that a dismissal for lack of jurisdiction is *not* a judgment on the merits, Deckert v. Wachovia Student Fin. Servs., Inc., 963 F.2d 816, 818 (5th Cir. 1992), and claim preclusion does not apply when the initial court lacks subject matter jurisdiction over the claim. See Igal v. Brightstar Info. Tech. Group, Inc., 51 Tex. Sup. J. 840 (2008).

By way of review, the relevant decision for purposes of claim preclusion is the decision by the Texas Court of Appeals dismissing the case for Plaintiff's lack of standing. That decision is final but not on the merits. Therefore, this Court finds there is an insufficient basis to apply the principle of claim preclusion.

### B. Issue Preclusion

#### i. Standing

Plaintiff originally asserted three separate claims against Defendants in the Texas courts: breach of contract; breach of fiduciary duty; and conspiracy to breach fiduciary duty. The Texas Court of Appeals held that all of Plaintiff's claims were barred for lack of standing. OAIC I, 234 S.W.3d at 731. In particular, the Texas Court of Appeals found that OAIC is not an admitted assignee of AFC's interest in Stonegate, that OAIC has no legal interest in the Stonegate partnership, and that, as a consequence, OAIC cannot bring suit over actions arising out of the Stonegate partnership. Id. at 731, 736.

Arizona law, like Texas law, requires a plaintiff to have standing to bring a claim. See Samsel v. Allstate Ins. Co., 19 P.3d 621, 625 (Ariz. Ct. App. 2001). Standing is a "judicially imposed requirement that parties possess an interest in the outcome to preclude advisory decisions." Id. (citing Citibank v. Miller & Schroeder Fin., Inc., 812 P.2d 996 (Ariz. Ct. App. 1990)).[3]

All of the claims OAIC asserts against Defendants in this Court—constructive trust; the cancellation of liens wrongly placed on Stonegate's property; fraud and conspiracy to commit fraud; misrepresentation; and statutory liability—require that OAIC have a legal interest in Stonegate because all of the claims concern either Stonegate's property in Chandler, Arizona or the actions of Stonegate as they relate to that property. (Dkt. #57). OAIC's first claim requests a constructive trust to be placed on Stonegate's property or, alternatively, that the property be sold and proceeds sequestered. (Id.). The second claim requests that certain liens which have been placed on the property be declared invalid and void. (Id.). The fraud and conspiracy to commit fraud claims allege that Defendants conspired to place those liens in order to defraud OAIC "as a limited partner/creditor of Stonegate." (Id.). The fourth claim alleges that Stonegate concealed information from OAIC

---

[3]During the motion hearing on July 9, 2009, Plaintiff's counsel acknowledged that standing is a prerequisite for the pending cause of action—indeed, counsel stated that for every cause of action a court must satisfy itself that standing is met.

regarding loans made to Stonegate and the liens against Stonegate's property, "which caused damage to OAIC as a limited partner and creditor of the Partnership." (Id.). The final claim seeks statutory damages under Arizona law for Defendants' failure to release and remove the lien from Stonegate's property. (Id.). Each and every one of these claims are predicated on OAIC's status as an assignee of AFC's interest in Stonegate. Without such status, OAIC has no legal interest in the Stonegate partnership and no standing to sue Defendants. Therefore, if the Texas Court of Appeals' determination that OAIC is not an assignee of AFC has preclusive effect on the instant case, then all of Plaintiff's claims against Defendants before this Court will be barred.

### ii.     Application of Issue Preclusion

The purpose of issue preclusion is to conserve judicial resources, <u>Sysco Food Servs. v. Trapnell</u>, 890 S.W.2d 796, 803 (Tex. 1994), reinforce comity between state and federal courts, <u>Allen</u>, 449 U.S. 90, 96 (U.S. 1980), protect parties from unnecessary lawsuits, and prevent inconsistent judgments. <u>Lytle v. Household Mfg. Inc.</u>, 494 U.S. 545, 553 (1990).[4] The party seeking to assert the bar of issue preclusion must show the following: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. <u>John G. & Marie Stella Kenedy Mem. Found. v. Dewhurst</u>, 90 S.W.3d 268, 288 (Tex. 2002).

The latter two elements of issue preclusion do not appear to be in dispute. The second element requires that the facts sought to be litigated in the second action were essential to the judgment in the first action. <u>Id.</u> In this case, the fact sought to be litigated in this Court is that OAIC was properly assigned AFC's interest in Stonegate. That fact was essential to the judgment in the Texas case. Indeed, the Texas Court of Appeals held that because OAIC had not acquired AFC's share of Stonegate, OAIC lacked standing. Therefore, not only was the

---

[4]The law of issue preclusion is the same in Texas as it is under federal law. <u>John G. & Marie Stella Kenedy Mem. Found. v. Dewhurst</u>, 90 S.W.3d 268, 288 (Tex. 2002). This Court will therefore cite to federal and Texas law of issue preclusion interchangeably.

fact that OAIC seeks to litigate in this Court—standing—essential to the judgment in the Texas case, it altogether prevented OAIC from asserting its claims against Stonegate.

The third element of issue preclusion requires that the parties in the second action were adversaries in the first action. <u>Id.</u> All of the named parties are identical in both cases except for a new defendant in the instant case: Stoneoaks. The absence of Stoneoaks as a named party in the Texas suit does not, however, diminish the force of issue preclusion in the present case because the requirement of mutuality of parties no longer applies. <u>Eagle Properties, Ltd. v. Scharbauer</u>, 807 S.W.2d 714, 721 (Tex. 1990). It is only necessary that the party against whom issue preclusion is asserted was a party in the first action. <u>Benson v. Wanda Petroleum Co.</u>, 468 S.W.2d 361, 363 (Tex. 1971). As a consequence, a litigant who was not a party in the first case may still use issue preclusion "offensively" in a new suit against a party who lost on the decided issue in the first case. <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 332 (1979). Since OAIC was a party in the first action, and issue preclusion is being asserted against that party, the third element of issue preclusion is satisfied.

The only element of issue preclusion that appears to be in dispute is the first one. That element requires that the facts in the second case were fully and fairly litigated in the first action. <u>Dewhurst</u>, 90 S.W.3d at 288. The factors to be considered in determining whether the case was fully and fairly litigated include whether the parties were fully heard, whether the court supported its decision with a reasoned opinion, and whether the decision was subject to appeal. <u>Van Dyke v. Boswell, O'Toole, Davis & Pickering</u>, 697 S.W.2d 381, 385 (Tex. 1985) (citing Restatement (Second) On Judgments § 13 cmt. g, (1982)).

The record shows that the parties thoroughly presented their arguments to the Texas Court of Appeals. Plaintiff subsequently filed a motion for rehearing and appealed to the Texas Supreme Court. The motion for rehearing was denied by the Texas Court of Appeals, <u>OAIC II</u>, 234 S.W.3d 726, as was the appeal to the Texas Supreme Court. <u>OAIC III</u>, Tex. LEXIS 956. In light of the extensive procedural history of the Texas case and numerous opportunities to present their arguments to the Texas courts, it is clear that the parties were fully heard in Texas. It is also clear that the Texas appellate court supported its decision with

a reasoned opinion, <u>OAIC I</u>, 234 S.W.3d 726, which was subject to appeal by the Texas Supreme Court. The issue of standing therefore satisfies the first element—the full and fair litigation requirement—of issue preclusion.

### iii.    Four New Arguments

Plaintiff avers that issue preclusion does not apply because Plaintiff seeks to advance arguments "that were not actually litigated" in Texas. (Dkt. #128). According to Plaintiff, each of these four arguments "presents an independent ground for upholding the transfer from AFC to OAIC." (Id.).

Plaintiff tried to present these four arguments in its motion for rehearing to the Texas Court of Appeals. (Id.). The Texas Court of Appeals, however, declined to consider these four arguments because they all support the contention that "OAIC is at least an unadmitted assignee in Stonegate." <u>OAIC I</u>, 234 S.W.3d at 746. In other words, these four are new arguments intended to support the proposition that OAIC's has standing vis-à-vis Stoengate. <u>Id.</u>[5]

Issue preclusion can apply to either issues of law or fact. RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982). If the issue is one of ultimate fact, "new evidentiary facts may not be brought forward to obtain a different determination." <u>Id.</u> at cmt. c. On the other hand, "if the issue is one of law, new arguments may not be presented to obtain a different determination of that issue." <u>Id.</u> Whether these four new arguments are factual or legal, their only purpose is to obtain a different determination of the issue of standing. This is precisely what the principle of issue preclusion precludes. Moreover, Plaintiff acknowledged in its Supplemental Brief on Preclusive Effect of the Texas State Court Judgment that the Texas Supreme Court's decision on standing would be dispositive. (Dkt. #104). The Texas Court of Appeals correctly noted that Plaintiff's four new arguments should have been raised on appeal, not in a motion for rehearing. <u>OAIC II</u>, 234 S.W.3d at 747. It appears Plaintiff is

---

[5]At the motion hearing, Plaintiff's counsel told this Court that those four arguments do indeed go to the issue of standing.

now trying to take another bite of the apple by presenting new evidence and new arguments in the instant case on the standing issue already litigated in Texas.

Because the Texas Court of Appeals has determined that a legal relationship does not exist between OAIC and Stonegate—that is, because Plaintiff lacks standing—this Court is compelled, under the principle of issue preclusion, to dismiss the case. Plaintiff's claims against Defendants are thus barred as a matter of law.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendant's motion to dismiss for lack of standing on the basis of issue preclusion. (Dkt.#127.)

**IT IS FURTHER ORDERED** denying Defendant's request for attorneys' fees without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 21st day of July, 2009.

Mary H. Murguia
United States District Judge