**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OAIC Commercial Assets, LLC, | No. CV 04-1951-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Stonegate Village, LP, et al., | |
| Defendant. | |

Currently pending before the Court is Defendant Stonegate Village, LP, et al.'s Motion for Attorney Fees, (Dkt.#142). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

There is no need to go through the history of this lawsuit in much detail for purposes of the instant Order. On July 21, 2009, the Court granted Defendants' Motion to Dismiss based on principals of issue preclusion, or what is also referred to as collateral estoppel. (See Dkt.# 137 at p. 10-11.) Plaintiff OAIC subsequently appealed the Court's decision to the Ninth Circuit, where it currently awaits resolution. (See Dkt.#144.) Defendants argue in their Motion for Attorney Fees that attorney fees are appropriate under both A.R.S. §12-341.01(A) and A.R.S. §12-349. For reasons explained below, the Court finds that neither statute supports an award of fees under Arizona law.

A.R.S. § 12-341.01(A) permits a prevailing party to recover reasonable attorney fees "[i]n any contested action arising out of a contract, express or implied . . .." See Id. Although OAIC's Complaint sets forth claims for a constructive trust on Stonegate's property, fraud, conspiracy to commit fraud, misrepresentation, the cancellation of liens wrongly placed on that property, and statutory liability under A.R.S. §§ 33-707(a) and 33-420(a), none of these causes directly sound under the law of contracts. Defendants nevertheless assert that the entire Complaint is predicated upon OAIC's contention that it was the successor in interest to AFC Equities' interest in the Stonegate Village partnership agreement.

Arizona courts have stated that a tort "arises out of a contract" for purposes of A.R.S. § 12-341.01(A) only when "the tort could not exist 'but for' the breach or avoidance of contract." Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc., 6 P.3d 315, 320-21 (Ariz. Ct. App. 2000). Furthermore, the Arizona Court of Appeals recently held that A.R.S. § 12-341.01(A) does not apply to "purely statutory causes of action," "[n]or does it apply if the contract is a factual predicate to the action but not the essential basis of it." See Keystone Floor & More, L.L.C. v. Arizona Registrar of Contractors, 219 P.3d 237, 240 (Ariz. Ct. App. 2009) (internal citations and quotations omitted). As the Parties are aware, the Texas Court of Appeals has already determined that "OAIC [was not] a limited partner, an unadmitted assignee, and/or the purchaser of an interest in [the Stonegate partnership]," and that OAIC lacked standing to enforce AFC Equities' interest in the Stonegate partnership agreement. Because the Texas courts have already ruled that there was not a valid contractual relationship between OAIC and Defendants vis a vis the Stonegate partnership agreement, a breach or avoidance of a contract could not have been the "but for" cause of OAIC's tort claims. Similarly, a contract could not have been the "factual predicate" for OAIC's claims under A.R.S. §§ 33-707(a) and 33-420(a), when the Texas Court of Appeals has already determined that a valid, enforceable contract between the Parties did not exist under Texas state law.

Defendants next contend that an award of attorney fees is justified under A.R.S. § 12-349. A.R.S. § 12-349 permits a court to award, at its discretion, reasonable attorney fees and expenses against a party or attorney who "[b]rings or defends a claim without substantial justification," "[b]rings or defends a claim solely or primarily for delay or harassment," "[u]nreasonably expands or delays the proceeding[s]," or engages in discovery abuse. See A.R.S. § 12-349(A)(1)-(4).

The Court is quite familiar with the procedural posture of this dispute. On September 17, 2004, Defendants removed the instant case to federal court. As the litigation in this Court was pending, a similar action in the Texas state court system was also underway. Although OAIC was initially able to secure a sizable jury verdict in its favor in Texas state trial court, on August 16, 2007, the Texas Court of Appeals vacated the verdict and dismissed the case on the grounds that OAIC lacked standing under the Stonegate partnership agreement. OAIC filed a motion for rehearing with the Texas Court of Appeals, which was denied. OAIC then requested review in the Texas Supreme Court. On March 3, 2008, while OAIC's petition for review was pending, this Court issued an Order staying the instant matter until the related state action in Texas was conclusively resolved. (Dkt. #109.) On October 10, 2008, the Texas Supreme Court denied the request for review, effectively ending the state case; shortly thereafter Defendants filed a Motion to Dismiss based on the law of preclusion. (Dkt.#127.) On July 21, 2009, the Court granted Defendants' Motion to Dismiss. (Dkt.#137.)

While the Court did not ultimately agree with OAIC's arguments relating to the preclusive effect of the Texas state court judgment, the Court cannot find that OAIC's claims were taken in bad faith or were objectively groundless. See Phoenix Newspapers v. Dep't of Corr., 934 P.2d 801 (Ariz. Ct. App. 1997) (noting that imposition of fees under A.R.S. § 12-349 requires "evidence that the [] claim constituted harassment, was groundless and not made in good faith"). In addition, contrary to Defendants' assertion, the stay imposed during the course of this litigation did not unreasonably delay or expand the proceedings. In fact, the opposite is true. Proceeding forward with this case in lieu of a stay would have resulted in the Parties and the Court spending valuable time and resources litigating issues that had

already been resolved by another court of competent jurisdiction whose judgment is entitled to Full Faith and Credit under Article IV of the U.S. Constitution and 28 U.S.C. § 1738. As such, Defendants' claim for attorney fees pursuant to A.R.S. § 12-349 also fails.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendant Stonegate Village LP et al.'s Motion for Attorney Fees, (Dkt.#142).

**IT IS FURTHER ORDERED** denying Plaintiff OAIC Commercial Assets, LLC's Motion to Strike, (Dkt.#153).

DATED this 11th day of February, 2010.

_____
Mary H. Murguia
United States District Judge